MSG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Adams                                              :        CIVIL ACTION
                                                   :
         v.                                        :
                                                   :        NO. **19  3301**
Correctional Emergency Response Team, et. al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    555 (☒)


JUL 29 2019         D.J McG__
**Date**             **Deputy Clerk**                **Attorney for**


**Telephone**         **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

MSG

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19   3301

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ PO Box 244, Collegeville, PA 19426 _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____ Montgomery _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/29/2019   _____   _____
                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. ☑ Civil Rights   555
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                      *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

MSG

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARLAND ADAMS,
    PLAINTIFF,

V.

CORRECTIONAL EMERGENCY RESPONSE TEAM
("CERT"), JANE AND/OR JOHN DOE CERT
TEAM MEMBER(S), SUPERINTENDENT TAMMY
FURGUSON ("FURGUSON"), AND THOSE
WHOSE INVOLVEMENTS AND/OR IDENTITIES
ARE PRESENTLY NOT KNOWN, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES,
    DEFENDANTS.

No. **19  3301**
JURY TRIAL DEMANDED


RECEIVED
JUL 29 2019

42 U.S.C §§ 1983 AND 1985
WITH A JURY TRIAL DEMANDED

COMPLAINT

    Plaintiff, Garland Adams, brings this action to obtain redress for the violation of Federally Protested Constitutional Rights involving, inter alia, racial discrimination, religious discrimination, and the taking of private property without the issuance of just compensation.

JURISDICTION

    This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. § 1331, because the case arises under the Constitution and laws of the United States: (b) 28 U.S.C. § 1343, because this case seeks redress and damages for the violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. As well, Plaintiff invokes this Court's supplemental jurisdiction, formerly the Court' pendent jurisdiction.

PARTIES

    1. Plaintiff, Garland Adams ("Plaintiff", or "Mr. Adams"), is a prisoner

currently confined at the State Correctional Institution at PHOENIX (SCI-Phoenix), in Collegeville, Pennsylvania (PA).

2. Defendants Correctional Emergency Response Team (hereafter "CERT", or "Defendant CERT"), and Jame -and/or- Doe CERT team member (hereafter "Doe CERT Member(s)"), at all times relevant to this action, was employed at SCI-Graterford when they committed the violations mentioned below. Their principal location is Department of Corrections, 1920 Technology Parkway, Mechanicsburg, PA 17050. They are sued in their individual and official capacities.

3. Defendant Tammy Furguson (hereafter "Furguson", or "Defendant Tammy Furguson"), at all times relevant to this action was Superintendent at SCI-Graterford on the day of July 15, 2018, when the violative actions as shown below were committed against Mr. Adams. As Superintendent, Furguson was responsible for the operations and management of and/or at SCI-Graterford. Her present address as superintendent is SCI-Phoenix, P.O. Box 244, Collegeville, PA 19426-0244. She is sued in her individual and official capacities.

4. All of the defendants have acted, and continue to act under color of law at all times relevant to this complaint.

FACTS

5. On July 15th 2018, Defendant Doe CERT Member Ordered Plaintiff to relinquish his personal, legal, and religious property to Doe CERT Member at SCI-Graterford as part of a transition period for Mr. Adams to be moved from SCI-Graterford to SCI-Phoenix. His personal, legal, and religious property were to later join him after it's being searched and/or inspected by Doe CERT Member(s).

6. Once what remained of that property was returned to Mr. Adams, he noticed

2.

that certain of his items had been confiscated. Those items were: 3 pair of Nike Overplay sneakers, 1 religous necklace, 6 white T-shirts, 6 pair or heavy duty thermal socks, 3 pair of Long Johns, 2 pair of thermal pants and shirts, 2 sweat suits, and legal mail and trial notes, all items together totalling over $8.000.00, none of which Plaintiff received compensation for.

7. Aside from Plaintiff having discovered that the defendants confiscated certain of his property as mentioned above, Plaintiff also noticed where Doe CERT Members, under Furguson's supervision, or lack thereof, had sadistically and maliciously defaced several of his family photos with racist branding and racist epithets. That was where, in addition to having drawn a distorted Nazi symbol on three of Plaintiff's family photos, distorted in so much that a particular line in the racist symbol was misplacedly drawn (See the 3 photos copy, exhibit 1 attached), the defendants also wrote the nefarious epithets "Little [sic] Nigglet" and "Santa [sic] Nigga" on three of the photos, extreme acts that were clearly race-based; Plaintiff is of the Black persuasion, and so are his nephews and Santa upon those defaced photos.

8. Those acts as mentioned above, by Doe CERT Member, were undertaken by Doe CERT Member during a time when Doe CERT Member was acting in conspiracy with other CERT Members whom went about mistreating and abusing the personal, legal and religious property, in a similar fashion of over one hundred of the inmates whom they moved from SCI-Graterford to SCI-Phoenix, a conspiracy which becomes apparent in just the fact that before starting their reign of mistreatment, disrespect and abuse, they removed their name tags so that the inmates would not know their names. In addition thereto, this was all done under Furguson's supervision, or lack thereof.

3.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a grievance to the perverse matters perpetrated against him as mentioned above. However, the defendants failed or refused to respond to that grievance, effectively rendering Plaintiff's further administrative remedies unavailable.

10. Plaintiff has exhausted all of his available administrative remedies with respect to all claims and all defendants.

. . .

COUNT I

DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES

(42 U.S.C. § 1983)

11. Plaintiff incorporates by reference paragraphs 1 through 10.

12. Plaintiff is entitled to the equal protection of the laws under the 14th Amendment to the United States Constitution. And, as dictated by the 8th & 14th Amendments to the United States Constitution, he is also entitled to be free from cruel and unusual punishment, which includes the right not to have had racist Nazi Swastikas, however inexpertly drawn, branded upon his family photos. AND, as guaranteed by the First Amendment to the U.S. Constitution, he also had the right to possess the religious items that the defendants chose to confiscate without any just cause, in spite of the greater protection provided to Plaintiff via the Religious Land Use and Institutionalized Persons Act (RLUIPA), which governs state insitutions.

13. The above described actions by the defendants were undertaken by the defendants when they were acting under color of state law, as Corrections

4.

employees and corrections officers, and said actions deprived Plaintiff of federal equal protection and due process rights guaranteed by the 5th and 14th Amendments to the United States Constitution, and his right to Free Exercise Of Religion, all made actionable by 42 U.S.C. § 1983 (The Civil Rights Act).

COUNT II

CONSPIRACY TO DEPRIVE PERSONS OF EQUAL PROTECTION OF THE LAWS

(42 U.S.C. § 1985)

14. Plaintiff incorporate by reference paragraphs 1 through 13.

15. The defendants conspired with various individual members, and perhaps with all of the individual members, of the CERT, to deprive Plaintiff of equal protection of the laws and of equal privileges under the laws as further set out in Count I.

16. Defendant Tammy Furguson joined in and encouraged, if not spearheaded the conspiracy between Defendant Doe CERT Member(s) and other individual members of the CERT, when, shirking her responsibility to keep unimpeded the property belonging to the prisoners in her care, custody, and control, she allowed Defendant Doe CERT Member(s) to conceal, or hide, their name tags so that they could violate the prisoners without fear or concern of later being named in their gross and [sh]ocking mistreatment of the prisoners in the prisoners' person or property, and/or their religious freedom rights.

17. Said acts were also committed against Plaintiff due to Plaintiff's race, as demonstrated by the inexpertly drawn swastikas, and the nefarious epithets niggah and nigglet, placed upon his personal photos of his Black nephews, and due to his religion, as demonstrated by the illegal taking by the defendants of Plaintiff's religious necklace showing his Islamic faith.

18. As a result of the conspiracy/on-going conspiracy, Plaintiff was injured by the defendants in his person, property, and free exercise of religion, and deprived of having and exercising his rights and privileges as a citizen of the United States, as is more fully set out in Count I.

COUNT III

DUE PROCESS OF LAW

19. Plaintiff incorporates by reference paragraphs 1 through 18.

20. The actions of Defendant Tammy Furguson, in declining to provide Plaintiff just compensation for the taking of Plaintiff's private property by Doe CERT Member(s), where it was Furguson's lack of supervision, or lack of [p]roper supervision during the transition period at SCI-Graterford that facilitated the taking of said property, denied Plaintiff due process of law.

21. The actions of Defendants Doe CERT Member(s), where said defendants took Plaintiff's private property and failed to issue him just compensation therefor, denied Plaintiff due process of law.

COUNT IV

FIRST AMENDMENT

22. Plaintiff incorporates by reference paragraphs 1 through 21.

23. The actions of Defendant Tammy Furguson, where Furguson's lack of supervision, or lack of proper supervision, during the transition period at SCI-Graterford facilitated the taking of Plaintiff's religious adornment by Doe CERT Member(s), denied Plaintiff First Amendment Rights.

24. The actions of Defendants Doe CERT Members, in taking or confiscating Plaintiff's religious adornment, without reason or justification, was a violation of Plaintiff's U.S. First Amendment Constitutional Rights.

25. Plaintiff is of the Islamic faith. As such, his right to practice his religion is protected by the First Amendment to the United States Constitution. Thus, Defendant Doe CERT Member(s) infringed upon Plaintiff's First Amendment Rights to practice his religion freely when, without any reason or justification, the defendants took his state and federally protected religious item and did not give it back, as is more fully set out in Count I.

RELIEF

WHEREFORE, Plaintiff, Mr. Adams, respectfully requests:

a. grant IFP status and service of complaint upon each individual defendant by U.S. Marshal;

b. appointment of counsel for Plaintiff;

c. Count I, judgment against defendants Doe CERT Member(s), Furguson, and the remaining defendants, jointly and severally for compensatory damages of $450.000.00; punitive damages for defendants' wilful, sadistic, outrageous, malicious and racist conduct, of $600.000.00; the costs of Plaintiff's suit and attorneys fees; nominal damage, and such other and further relief as the Court may deem appropriate.

d. Count II, judgment against Defendant Tammy Furguson, and the remaining defendants, jointly and severally for compensatory damages of $450.000.00; punitive damages for defendants' wilful, sadistic, outrageous, malicious, and racist conduct, of $600.000.00; the costs of Plaintiff's suit and attorneys fees; nominal damages, and such other and further relief as the Court may deem appropriate;

e. Count III, judgment against Defendant Tammy Furguson, and the remaining defendants, jointly and severally for compensatory damages of $450.000.00;

7.

punitive damages for defendants' wilful, sadistic, outrageous, malicious, and racist conduct of $600.000.00; the costs of Plaintiff's suit and attorneys fees; nominal damage, and such other and further relief as the Court may deem appropriate;

f. Count IV, judgment against Defendant Tammy Furguson, and the remaining defendants, jointly and severally for compensatory damages of $450.000.00; punitive damages for defendants' wilful, sadistic, outrageous, malicious, and racist conduct of $600.000.00; the costs of Plaintiff's suit and attorneys' fees; nominal damages, and such other and further relief as the Court may deem appropriate.

JURY TRIAL DEMANDED

Plaintiff demands a trial by Jury on each Count. And Plaintiff declare and affirm that all assertions and statements made in the above are true and correct to the best of Plaintiff's knowleddge, information and belief, subject to penalty provided by 28 U.S.C. § 1746 AND 18 Pa.C.S. § 4904

Dated: 7-14-19

Respestfully submitted,

Garland Adams, BQ9918
SCI-Phoenix
P.O. Box 244
Collegeville, PA 19426-0244

8.

EXHIBIT 1







10.